OPINION
{¶ 1} Michael Robinson, Jr., was indicted with one count of domestic violence, a felony of the fourth degree, arising out of the assault of his live-in girlfriend on December 19, 2004. Robinson moved to dismiss the charge, arguing that it violated the so-called Defense of Marriage amendment to the Ohio Constitution, Article XV, Section 11. On June 9, 2005, the court dismissed the charge. The state appeals.
 {¶ 2} The state's sole assignment of error is as follows:
 {¶ 3} "THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT DECLARED REVISED CODE SECTION 2919.25 UNCONSTITUTIONAL AS IT RELATES TO COHABITATING PARTNERS, PURSUANT TO ARTICLE 15, SECTION11 OF THE OHIO CONSTITUTION."
 {¶ 4} The state claims that the trial court erred when it found R.C. 2919.25 unconstitutional as it applies to persons living as spouses.
 {¶ 5} The record in this case indicates that Robinson and the victim had been living together off and on for approximately one year at the time of the assault. There is no suggestion that they were married, had been married, or had any children together. Accordingly, based on the record, the victim was a "person living as a spouse" under R.C. 2919.25.
 {¶ 6} This court has recently determined that, to the extent that R.C. 2919.25 extended its protection to "a person living as a spouse," it was rendered unconstitutional by the Defense of Marriage amendment, which became effective on December 2, 2004.State v. Ward, Greene App. No. 2005-CA-75, 2006-Ohio-1407. For the reasons set forth in Ward, the state's argument is without merit.
 {¶ 7} The assignment of error is overruled.
 {¶ 8} The judgment of the trial court will be affirmed.
Fain, J. and Valen, J., concur.
(Hon. Anthony Valen retired from the Twelfth District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).